RECEIVED
JAN - 5 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ENRIQUE JERONIMO CASTILLO AGUILERA

DOCKET NO:1:14-cv-03440

VERSUS

JANET NAPOLITANO, ET AL.

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

RULING

Before the court is an motion entitled "Petitioner's Emergency Motion For Temporary Restraining Order During the Pendency of Emergency Motion for Stay of Removal" filed December 29, 2014 by petitioner, Enrique Jeronimo Castillo Aguilera ("Castillo Aguilera"). Castillo Aguilera challenges his order of removal contending he is an El Salvadoran Temporary Protection Status ("TPS") beneficiary; thus, his removal from the United States would be unlawful. Accordingly, he seeks a temporary restraining order staying removal proceedings.

The Real ID Act of 2005 amended 8 U.S.C. §1252(a) to providing courts of appeals with "sole and exclusive" jurisdiction over most cases involving alien removal proceedings.[1]

> Notwithstanding any other provisions of law (statutory or otherwise), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review for an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdictional review" include habeas corpus review pursuant

---

[1] The legislative history of the Real ID Act reveals the provisions of the Act do not preclude district courts' habeas review of over challenges to detention that are independent of challenges to removal orders (i.e. claims pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001)). See H.R. Cong. Rep. No. 109-72, 2873 (May 3, 2005).

> to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. §1252(a)(5). As Castillo Aguilera challenges his removal order, this court lacks jurisdiction over the matter. However, the case should be transferred to the Fifth Circuit Court of Appeals pursuant to Section 106 of the Real ID Act which provides such challenges must be transferred to the court of appeals to be treated as petitions for judicial review. Accordingly,

IT IS HEREBY ORDERED that Castillo Aguilera's motion for emergency temporary restraining order to stay removal (Doc. 8) is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

THUS DONE AND SIGNED at Alexandria, Louisiana on this 2nd day of January, 2015.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT